## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARGUERITE DEAN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. 1:23-cv-1221-GLR** |
| **INTEGRACE, INC.,** | * | |
| **Defendant.** | * | |
| | * * * | |

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Defendant Integrace, Inc.'s Motion for Sanctions.[1]  (ECF 58.)  I have considered the relevant matters in this case and the parties' briefs (ECFs 58, 63, 65).  I find that no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the reasons stated below, the Court GRANTS in part and DENIES in part Integrace's Motion, subject to a determination of which costs are reasonable.  A separate order shall follow.

### I.    BACKGROUND

On March 20, 2023, Plaintiff Marguerite Dean filed this discrimination action against Integrace, alleging unlawful termination based on non-compliance with Defendant's company-wide COVID-19 vaccine mandate.  (*See* Compl., ECF 1.)  Ms. Dean, a former security guard for Integrace, alleges that Defendant unlawfully

---

[1] Judge Russell, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, referred this case to me for "resolution of ECF 58," i.e., the Motion for Sanctions.  (ECF 59.)

terminated her for failing to comply with a company-wide COVID-19 vaccine mandate. (*Id.* at ¶ 1-7.)

Defendant's sanctions request relates to two discovery disputes, including one resolved by the Court earlier this year. *See generally Dean v. Integrace*, No. 23-1221-GLR, 2025 WL 833922 (D. Md. Mar. 17, 2025). In September 2024, Defendant served 25 Requests for Production ("RFPs") on Plaintiff. Plaintiff objected to three requests, RFPs 14 through 16. After hearing from the parties, the undersigned directed Plaintiff to produce discovery responsive to the three disputed requests. In doing so, the Court shortened the relevant time period for one of the requests and upheld the two other requests as originally constructed. *Id.* at *3-5.

The second relevant discovery dispute is Plaintiff's cancellation of two depositions. On January 27, 2025, Plaintiff noticed depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). (Defendant's Motion, ECF 58 ("Def.'s Mot."), at 5.) Defendant designated two corporate deponents, and the parties scheduled their depositions six weeks in the future, on March 10 and 11, 2025, respectively. (Def.'s Mot., at 5; Def.'s Mot. Exhibit 3, at 3; ECF 58-4.) At 5:53 a.m. on March 10, 2025, about four hours before the March 10 30(b)(6) deposition, Dean's counsel sent an e-mail canceling and withdrawing notice of both depositions. (Def.'s Mot., at 5; Def.'s Ex. 3, at 3.) Per the Court's amended Scheduling Order (*see* ECF 53), discovery closed a few days later, on March 13, 2025. The depositions were never reset.

Defendant now argues that sanctions are appropriate because (1) based on the language in the Court's opinion, Plaintiff's RFP objections were not substantially justified and (2) Plaintiff's cancellations on short notice and decision not to depose the witnesses imposed burdens and costs in a manner that contravene "the principles of

fairness and efficiency that underpin the Federal Rules of Civil Procedure." (Def.'s Mot., at 10-11.) Plaintiff opposes, insisting that her objections were substantially justified and, in any event, awarding expenses would be unjust. (*See generally* Plaintiff's Opposition, ECF 63 ("Pl.'s Opp'n"), at 3-6.)

## II.    LEGAL STANDARD

As a general matter, "this Court has authority to redress discovery misconduct under the Federal Rules as well as under its inherent powers, and can impose a range of sanctions from award of expenses against both a party and its counsel to an entry of a default judgment." *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 497 (D. Md. 2000).

## III.   ANALYSIS

For the following reasons, the Court will grant in part Defendant's Motion for Sanctions. As noted in the Court's previous opinion, Defendant's requests were generally appropriate, with a temporal modification to only one of the requests. However, the Court finds sanctions warranted in relation to only the RFP 15 dispute where the Court identified longstanding authority disagreeing with Plaintiff's objections. The other two disputes do not, in the Court's view, reflect sanctionable objections. The last-minute 30(b)(6) deposition cancellations in this case also warrant sanctions. Therefore, upon a later finding that Defendant's expenses are reasonable, the Court is prepared to impose sanctions consistent with the explanation below.

### A. Sanctions are warranted for only one of the three RFP disputes.

Federal Rule of Civil Procedure 37 governs sanctions for discovery violations. *See Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009).

3

Because Plaintiff provided discovery after Defendant moved for court intervention, Rule 37(a)(5)(A) requires her to pay Defendant's expenses in connection with its efforts unless an exception applies. *See* Fed. R. Civ. P. 37(a)(5)(A) ("[I]f the . . . requested discovery is provided after the motion was filed[,] the court must . . . require the party whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). A party is not required to make payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(i)-(iii). The exception in Rule 37(a)(5)(A)(i) is inapplicable. Before filing its motion to compel, Defendant attempted to obtain disclosure of material responsive to the disputed RFPs, but Plaintiff refused and stood on her objections. *See Dean*, 2025 WL 833922, at *1.

Therefore, the Court must consider whether Plaintiff's "nondisclosure, response, or objection was substantially justified" or whether "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Substantial justification exists if "there is a 'genuine dispute' as to proper resolution or if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Decision Insights*, 311 Fed. App'x at 599 (internal quotation marks and citation omitted). This includes "making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Kemp v. Harris,* 263 F.R.D. 293, 296–97 (D. Md. 2009). Ultimately, "to avoid the imposition of costs, parties must sufficiently argue that they were substantially justified in their actions." *Lynn v. Monarch Recovery Mgmt.,*

*Inc.*, 285 F.R.D. 350, 365 (D. Md. 2012) (internal quotation marks and citation omitted).

### 1.  *Substantial justification exists as to RFPs 14 and 16, not RFP 15.*

In compelling Plaintiff's response to RFPs 14-16, the Court "disagree[d] with Plaintiff's resistance to RFPs 14 and 15 on the basis that her demand for 'garden-variety' emotional damages does not place her health at issue and, as a result, the documents requested are irrelevant." *Dean*, 2025 WL 833922, at *3. In support of this conclusion, the undersigned cited opinions from this and other districts within the Fourth Circuit dating back to 2006. *Id.* The Court also rejected Plaintiff's reliance on privacy and potential privilege, noting the availability of protective orders to address privacy and the absence of a proper privilege assertion. *Id.* at *4. In light of some of Plaintiff's arguments, the Court shortened the relevant time in RFP 14 to one more congruent with the allegations in the case.[2]  *See id.* at *3-4. The Court rejected Plaintiff's resistance to RFP 16 as irrelevant, overbroad, improper, and violative of privacy and constitutional rights. Citing authority from several courts nationwide within the last ten years, the Court emphasized that information within the scope of RFP 16—which called for social media information relevant to the allegations in the Complaint—was relevant and appropriate for disclosure. *Id.* at *5.

Based largely on the Court's opinion, Defendant argues that Plaintiff's objections to RFPs 14-16 were not substantially justified because they were boilerplate,

---

[2] As explained in the previous opinion, "[t]he language of [RFP 14] covers, in essence, her records relating to or reflecting any medical consultation in Plaintiff's life." *Dean*, 2025 WL 833922, at *4. Because the allegations focused on the occurrence and impact of COVID-19—which began impacting the United States of America in early 2020—and Defendant's policies relating to the same, the Court limited RFP 14's temporal range to January 1, 2018 through the present. *Id.*

unreasonable, and meritless.  (Def.'s Mot., at 6-7; Defendant's Reply, ECF 65 ("Def.'s Reply"), at 2-4.)  Plaintiff maintains that her objections were substantially justified.  (Pl.'s Opp'n, at 4.)  First, as to RFPs 14-15, Plaintiff argues that "[t]he scope of discovery for 'garden variety' emotional distress claims remains an evolving area of law where reasonable minds can differ."  (*Id.*)  Second, as to RFPs 14-16, Plaintiff argues that the requested information "implicated sensitive personal information, and courts have recognized that privacy interests must be balanced against discovery needs."  (*Id.*)  Third, as to RFP 16, Plaintiff argues that "[s]ocial media discovery presents unique privacy concerns, and courts have generally required a threshold showing of relevance before compelling production."  (*Id.*)

As to RFP 14, the Court disagrees with Defendant.  For several years, "[c]ourts have concluded that 'substantial justification' could include making meritorious objections to requested discovery[.]"  *Lynn*, 285 F.R.D. at 365.  Having recognized this, judges of this Court have found a party's refusal to comply with a request for medical records substantially justified where the court sustains, at least in part, an objection to the time period sought.  *See Marshall v. Univ. of Md. Med. Ctr.*, No. TDC-17-2779, 2018 WL 3727947, at *4-6 (D. Md. Aug. 16, 2018).  In *Marshall*, Judge Gallagher limited requests for medical information to a period of five years before the events central to the allegations, finding that the request for "'any and all' medical records, from the date of [the plaintiff's] eighteenth birthday to the present" was "overbroad and unduly burdensome."  *Id.* at *4.  As a result, when assessing whether to apportion attorney's fees for the movant's successful discovery motion, the court focused its efforts on only the unsuccessful objections; partial success was enough to protect the objecting party from having to pay the movant's expenses.  *See id.* at *6.  Likewise, upon considering Plaintiff's

6

overbreadth objection, the Court limited RFP 14's temporal scope to a range of January 1, 2018 to present. *Dean*, 2025 WL 833922, at *4. This partial success is enough to deny Defendant's request for attorney's fees and expenses associated with a dispute where Plaintiff obtained partial success. *See, e.g., Marshall*, 2018 WL 3727947, at *5.[3]

The same logic does not extend to RFP 15, where the Court granted Defendant's motion, rejected Plaintiff's arguments, and did not modify the scope of the requests. Because she sought compensatory damages for pain and suffering, Plaintiff was required to comply with RFP 15 yet refused. *Dean*, 2025 WL 833922, at *3. She objected, refused to respond, and claimed that her "garden variety" demand for pain and suffering damages incident to the alleged emotional, rather than bodily, harm rendered medical records immaterial to her claim. *Id*. Rejecting this position, the undersigned cited several decisions of this and other courts in the Fourth Circuit explaining that a demand for compensatory damages based on pain and suffering places both mental and physical condition at issue and, as a result, requires production of medical records even if such damages may be construed using nebulous designation of "garden variety." *Id*. On the issue relevant to this Motion, one of those decisions found a plaintiff's objection substantially unjustified and granted the defendant's motion for costs in moving to compel discovery responses. *See E.E.O.C. v. Sheffield Fin., LLC*, No. 06-889, 2007 WL

---

[3] Furthermore, notwithstanding the Court's rejection of Plaintiff's "garden variety" argument, disputes about relevant timeframes for medical record disclosures may vary from case-to-case in the absence of any bright-line rule. *See Swindell v. CACI NSS, Inc.*, No. 17-0617-D, 2020 WL 698267, at *8 (E.D.N.C. Feb. 10, 2020) (finding a plaintiff substantially justified in refusing to comply with the defendant's request for medical records because "a genuine dispute existed over the governing rule" given that "case law within the Fourth Circuit about the period of required disclosure of medical records varies from case to case and in fact lacks a bright-line rule"). Therefore, even if the Court did not modify RFP 14, the objection to the relevant time period may have been substantially justified.

1726560, at *7 (M.D.N.C. June 13, 2007) (citing *E.E.O.C. v. Grief Bros. Corp.*, 218 F.R.D. 59, 64 (W.D.N.Y. 2003)).   Considering other, more recent authority supporting the undersigned's ruling, the weakness of Plaintiff's objection is as clear today as it was eighteen years ago when the *Sheffield* court found the same arguments substantially unjustified.   Therefore, the Court does not find that Plaintiff's objection to RFP 15 "has a reasonable basis in law and fact" and, accordingly, is not substantially justified.   *Decision Insights*, 311 Fed. App'x at 599.

The objection to RFP 16 presents a closer call.   Unlike with the underlying arguments relevant to RFPs 14 and 15, the Court is unaware of authority addressing the substantial justification (or lack thereof) as to Plaintiff's objection in this circumstance. Her primary objection raised privacy and constitutional concerns surrounding social media content and her concerns that inquiry into the sincerity and plausibility of religious beliefs violates the directive that courts tread lightly when asked to determine the sincerity of religious beliefs.   *Dean*, 2025 WL 833922, at *5; *see Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 724-25 (2014).   In overruling her objection, the Court concluded that the RFP sought only content relevant to the allegations—and was thus fair game—and that because sincerity of religious belief is an element that must be determined by the factfinder, "discovery regarding a person's sincere, religious belief is appropriate." *Dean*, 2025 WL 833922, at *5 (citations omitted).   The Court does not find substantial justification on the basis of the privacy objection, as no inherent privilege or privacy protection attaches to social media content.   *See Allen v. PPE Casino Resorts Md., LLC*, 543 F. Supp. 3d 91, 93-94 (D. Md. 2021) (observing that because it "is neither privileged nor protected by any right of privacy[,]" social media content may be subject to discovery as long as the discovery is "relevant to a claim or defense, proportional to the needs of the

case, and not unreasonably cumulative, duplicative, or designed to embarrass or harass"). However, Plaintiff's objection appears rooted in the well documented notion that "a court walks on dangerous ground when it allows inquiry into the content of religious belief." *Doe ex rel. Doe v. Abington Friends Sch.*, No. 04-4647, 2007 WL 1489498, at *1 (E.D. Pa. May 15, 2007); *see Dean*, 2025 WL 833922, at *5 (noting that "courts exercise caution in being the arbiters of spiritual or religious beliefs and tenets"). Although it found discovery permissible for the purpose of this case based on the allegations and the RFP's tether to the allegations, the Court is not prepared to conclude that Plaintiff's objection lacked a reasonable basis in law or fact.[4]  Even if it did (for example, due to the lack of clear authority in her favor), other considerations weigh against sanctions on this issue. Punishing Plaintiff for her objection—where the courts' approaches are not as well defined as with other disputes—may dissuade other litigants from objecting to discovery requests that may impermissibly inquire into the sincerity of religious beliefs.

### 2. *Other considerations do not render sanctions unjust as to RFP 15.*

Separate from her substantial justification arguments summarized above, Plaintiff presents four reasons that sanctions would be unjust under these circumstances.  (Pl.'s Opp'n, at 5-6.)  Focusing only on RFP 15—where the objection was not substantially justified—the Court can address each of these briefly.  First, she avers that she "has engaged in good-faith compliance with discovery obligations . . . and complied with the Court's Order compelling production."  (*Id.* at 5.)  Compliance with the Court's order

---

[4] While the undersigned cited authority supporting Defendant's position and the Court's conclusion, it is worth noting that those decisions issued within the last two years.  The Court does not find that this reflects a principle so well-settled in similar circumstances that Plaintiff lacked any reasonable basis in law or fact at the time of the dispute.

compelling discovery is not necessarily sufficient to avoid sanctions. On the contrary, the general rule is that where a court grants a discovery motion (or discovery is provided after the motion is filed), sanctions are *required* absent one of three circumstances. *See* Fed. R. Civ. P. 37(a)(5). If compliance with said order were sufficient to avoid sanctions, the rule would be an automatic nullity in many situations.[5] Second, Plaintiff contends that she made "reasonable, good-faith arguments based on legitimate privacy concerns and proportionality considerations." (*Id.* at 6.) The Court discerns no difference between this argument and the one for substantial justification, which was already rejected on RFP 15 and the depositions. Third, Dean argues that "imposing sanctions would have a chilling effect on parties asserting legitimate objections to overbroad discovery requests and making tactical litigation decisions."[6] (*Id.*) Again, this appears to be a version of a "substantial justification" argument. The Court construes a "legitimate" objection as having a "reasonable basis in law and fact," *Decision Insights*, 311 Fed. App'x at 599, or is otherwise "meritorious" or reflecting a "legitimate dispute," i.e., one that is substantially justified, *Kemp,* 263 F.R.D. at 296–97. Fourth, Dean argues that "sanctions should be reserved for egregious conduct, not reasonable disagreements about the scope of discovery." (Pl.'s Opp'n, at 6.) The Court disagrees. Courts retain broad authority to fashion sanctions ranging from payment of expenses to adverse instructions, exclusion of evidence, dismissal of charges, or contempt. *See Camper v. Home Quality Mgmt. Inc.*,

---

[5] Furthermore, other provisions in Rule 37 address failure to comply with a court's discovery order. *See* Fed. R. Civ. P. 37(b). Express provisions on these circumstances undermine any suggestion that compliance with a court order is reason enough to deny sanctions that Rule 37(a) requires or otherwise contemplates.

[6] As explained above, with respect to RFP 16, this contention would be persuasive even if there were no reasonable basis in law or fact.

200 F.R.D. 516, 518 (D. Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders.").  While the Court may consider the degree of violation, noncompliance, or other indicia of bad faith in identifying the appropriate sanction for a given situation, *see S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003), nothing limits the sanctions sought here to egregious or outrageous conduct.  Sanctions are intended to deter discovery misconduct; the conduct need not be "egregious" before monetary sanctions are justified. *See Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *5-6 (D. Md. Apr. 25, 2011).  Also, the reference to reasonableness appears, yet again, to invoke the concept of substantial justification.

### B. Sanctions are warranted for Plaintiff's cancellation of two Rule 30(b)(6) depositions on short notice and without re-noticing those depositions.

Defendant contends that it should be reimbursed costs in connection with preparing witnesses for Rule 30(b)(6) depositions that Plaintiff unilaterally canceled at the last minute.  (Def.'s Mot., at 2.)  With respect to depositions, "[c]ourts have consistently interpreted Rule 30(g) to allow an award of expenses and attorney's fees where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation to the other party." *Pine Lakes Intern. Country Club v. Polo Ralph Lauren Corp.*, 127 F.R.D. 471, 472 (D.S.C. 1989); *accord Donini Intern., S.P.A. v. Satec (U.S.A.), LLC*, No. 03-9471-CSH, 2006 WL 695546, at *7 (S.D.N.Y. Mar. 16, 2006).  Under that rule, "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recovery reasonable expenses for attending, including attorney's fees, if the noticing party failed to (1) attend and proceed with the deposition or (2) serve a subpoena

on a nonparty deponent, who consequently did not attend." Fed. R. Civ. P. 30(g).[7]

In cases where a deposition is unilaterally canceled, the noticing party "must give other parties sufficient notice." *Epps v. Prince George's Cty., Md.*, No. AW-07-0586, 2008 WL 11509703, at *10 (D. Md. Aug. 18, 2008). The sufficiency of notice "depends on the circumstances of cancellation." *Doe I v. Exxon Mobil Corp.*, 539 F. Supp. 3d 59, 81 (D.D.C. 2021). Failure to provide sufficient notice "may result in sanctions." *Id.* Courts in this circuit have "held that an award of reasonable costs is an appropriate sanction for a party who noticed a deposition, and then tells the opposing party at the last minute that the deposition is being cancelled." *Felder v. MGM Nat'l Harbor, LLC*, No. PJM-18-3405, 2024 WL 3690779, at *17 (D. Md. Aug. 7, 2024) (citing *Pine Lakes*, 127 F.R.D. at 472-73); *accord In re Univ. of San Diego Tuition and Fees COVID-19 Refund Litig.*, No. 20-1946-LAB-WVG, 2023 WL 3316765, at *2 (S.D. Cal. May 8, 2023) (noting the "consensus amongst other jurisdictions that an award of reasonable costs, including attorney's fees, is an appropriate sanction for last-minute cancellations of depositions"). Sanctions may include any "expenses incurred in connection with [a deposition,]" including "the amount of time . . . spent [preparing.]" *Felder*, 2024 WL 3690779, at *18; *see also In re Univ. of San Diego*, 2023 WL 3316765, at *3 ("Courts amongst other jurisdictions have also interpreted Rule 30(g) to permit recovery of attorney's fees incurred for witness preparation on addition to travel or lodging.").

Because Plaintiff unilaterally canceled the depositions, the central question is whether her notice was sufficient. The answer is no. There can be little doubt that four

---

[7] The Court is mindful that Rule 30(g) does not contain language creating an exception for a cancellation that is "substantially justified." Such a consideration is relevant where a party fails to attend its own deposition. Fed. R. Civ. P. 37(d).

hours is well within the boundaries of last-minute notice.[8]   *See Keystone Ne., Inc. v. Keystone Retaining Wall Sys., LLC*, No.12-720-BHH, 2014 WL 4198818, at *2 (D.S.C. Aug. 22, 2014) (finding insufficient notice provided on the same morning of a deposition); *In re Univ. of San Diego*, 2023 WL 3316765, at *3 (finding an e-mail cancellation the evening of the business day before a deposition insufficient); *Pine Lakes*, 127 F.R.D. at 472 (finding insufficient notice provided one day in advance of a deposition); *Felder*, 2024 WL 3690779, at *17, *19 (finding insufficient notice provided two days in advance of a deposition); *Donini*, 2006 WL 695546, at *7 (same).   Dean did not explain why the depositions were canceled, lending further support to the unreasonableness of the last-minute notice.   *See Felder*, 2024 WL 3690779, at *17, *19 (deeming notice insufficient where the noticing party failed to explain the reason for canceling); *cf. Diamond v. Bon Secours Hosp.*, No. 09-865-WMN, 2010 WL 11549876, at *4 (D. Md. Apr. 15, 2010) (imposing sanctions pursuant to Rule 37(d) where the plaintiff "offered no justification, let alone a substantial justification, for his failure to appear at his own deposition").   Third, Dean never attempted to reschedule the depositions.   Taken together, these last two considerations indicate that there was no exigency or other explanation that could render the notice sufficient under the circumstance.   This appears to be, as Plaintiff asserts in her opposition (Pl.'s Opp'n, at 5.), nothing more than a last-minute tactical decision that lacks any, let alone a legitimate, justification.

---

[8] While not necessary to resolve the issue, it is unclear whether defense counsel had four hours of *actual* notice.   *Cf. Pine Lakes*, 127 F.R.D. at 472 (observing that cancellation was sent the day before the deposition but counsel did not receive notice until the same day of the deposition).   That is, the Court does not assume that an e-mail sent before sunrise was read as soon as it was sent.   If it was not, then defense counsel had less than four hours' notice.   Regardless, the Court has no trouble concluding this is a last-minute cancellation.

While Plaintiff believes cancellation constitutes a "legitimate tactical decision" that justified her actions, she is wrong. The context here suggests inappropriate gamesmanship. She is correct that, as a general matter, parties may adjust their strategy during litigation without being sanctioned for changing focus or tactics. But there are numerous opinions from courts nationwide, during the last forty years, frowning upon and sanctioning the sort of last-minute cancellation that occurred here. There can be no meritorious contention that this sort of tactic comports with the spirit of the Federal Rules of Civil Procedure and the Local Rules of this Court.[9]

Citing authority from this Court, Plaintiff emphasizes that costs of attending a deposition are distinguishable from costs of preparation, which, in general, are not recoverable. *See Gordon v. New England Tractor Trailer Training Sch.*, 168 F.R.D. 178, 180 (D. Md. 1996). However, in *Gordon*, the plaintiff failed to appear for his deposition as originally noticed, and the parties rescheduled the deposition for another date, where the plaintiff did appear. *Id.* at 179-80. In finding sanctions against the plaintiff appropriate, Judge Kaufman awarded attorney's fees to the defendant but excluded those fees associated with preparing for the first deposition date. *Id.* at 180. The Court explained that "whether or not Mr. Gordon failed to appear for the first time his deposition was scheduled, defendant would have had to prepare at least once for the deposition." *Id.* This unremarkable proposition makes sense in the context of a case where counsel prepares a fact witness—*a party*, no less—who ends up being deposed

---

[9] The Local Rules reflect the Court's expectation that attorneys coordinate in good faith to set deposition dates, that agreed-upon dates are binding, and that an attorney seeking to change said date confer with opposing counsel to coordinate a new one. D. Md. Loc. R. App'x. A Guidelines 4.a, 4.c. Along the same lines, there should be meaningful effort to provide sufficient notice of a cancellation.

later. *See, e.g.*, *Bates v. Mountaire Farms, Inc.*, No. ADC-18-969, 2019 WL 1586239, at *2 (D. Md. Apr. 11, 2019) (relying on *Gordon* in declining to award fees for witness preparation where deposition was postponed but eventually taken).

But the case at hand strikes the Court as much different from *Gordon* and cases that echo its rationale. The depositions did not occur here. Because discovery closed in March—a few days after the canceled deposition dates and months before Defendant filed its motion—there is no doubt the depositions will not occur. Therefore, unlike in *Gordon*, the Court does not assume that counsel would have incurred the expense and time associated with preparing the witnesses.

This distinction is especially relevant in this context, where Rule 30(b)(6) witnesses must be prepared to testify to matters that may not have been within their firsthand knowledge absent the preparation. *E.g.*, *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) ("The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is 'speaking for the corporation,' and this testimony must be distinguished from that of a 'mere corporate employee' whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena." (citation omitted)). Therefore, the noticed witnesses were neither a party (*Gordon*) nor a "mere corporate employee" appearing as a fact witness whose testimony binds only themselves (*Bates*). And, considering the special nature of Rule 30(b)(6) testimony, defense counsel may be subject to sanctions for failing to sufficiently prepare a 30(b)(6) deponent. *See Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 487-490 (D. Md. 2005) (imposing sanctions after finding Rule 30(b)(6) deponent "woefully unprepared"). Therefore, preparation of such witnesses can be a

significant undertaking compared to preparing a fact witness. *See Taylor*, 166 F.R.D. at 361 ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters which that designee was personally involved." (citations omitted)).  To meet their obligations, defense counsel asserts that it engaged in "extensive review and compilation of relevant documents and information." (Def.'s Mot., at 10.)  Considering the law in this area and the deposition notice attached to the Motion, defense counsel's representation is consistent with what courts demand in connection with Rule 30(b)(6) preparation.[10]

Without further explanation, Plaintiff insists that defense counsel's preparation costs "would have been incurred regardless of whether the depositions proceeded, and they remain valuable for the ongoing litigation and potential trial preparation."  (Pl.'s Opp'n, at 5.)  This assertion is puzzling for several reasons.  First, it is untrue, as the costs of a 30(b)(6) preparation would not necessarily have been incurred absent the designation of 30(b)(6) deponents.  Second, it is unclear how, with discovery closed, 30(b)(6) preparation "remain[s] valuable" to the litigation if the individuals did not have to testify.  Third, the *potentiality* of trial preparation does not cure the prejudice

---

[10] Defendant objected to Plaintiff's notice and requested a meet and confer to discuss the topics listed in the notice.  According to the Motion, Plaintiff's counsel declined.  (Def.'s Mot., at 5.)  In addition to violating the spirit of the Federal and Local Rules' emphasis on conferences to resolve discovery disputes, the lack of any discussion appears to have required defense counsel to prepare broadly for all topics within the notice, even those it found objectionable.

associated with last-minute cancellations of depositions that are never reset.   Rule 30(b)(6) does not apply to a live witness at trial, so this contention cannot be supported by, for example, extending *Gordon*'s reasoning to trial testimony for a pure fact witness almost certain to be called.[11]   In this context, defense counsel should not necessarily be forced to delay a meritorious request for sanctions until they see whether (if at all) trial justifies the time spent preparing for multiple 30(b)(6) depositions that did not occur after last-minute cancellations based on nothing but unexplained "tactical" choices.

Plaintiff acknowledges that such witnesses require "special preparation" but insists that "this does not alter the fundamental principle that preparation costs are part of the normal expense of litigation." (Pl.'s Opp'n, at 5.)  In a vacuum, that may be true.  With respect to a party, that will likely—if not always—be true.  In context, however, what occurred reflects unacceptable discovery tactics distinguishable from general principles and cases like *Gordon* and *Bates*.   Here, we have (1) noticing of multiple 30(b)(6) depositions to occur in the final days of discovery; (2) unilateral, same-day, last-minute cancellations of those depositions (by e-mail before sunrise, no less); (3) absence of explanation for the last-minute cancellations; and (4) a decision not to notice those depositions for a later time, such that the deponents never spoke to 30(b)(6) topics on which they were prepared.  Taking these considerations together, the Court finds that monetary sanctions are appropriate to address this sort of conduct and deter litigants from engaging in similar discovery gamesmanship in the future. *See Paul Revere Life Ins. Co. v. Jafari*, 206 F.R.D. 126, 128 (D. Md. 2002) (denouncing "any practice or policy that

---

[11] The Court does not assume that such extension of *Gordon* is warranted.  The example is provided only to further distinguish these circumstances from *Gordon*'s context and reasoning.

seeks to bring gamesmanship to the discovery process").

Therefore, the Court is prepared to award Defendant reasonable costs, including attorney's fees, incurred in connection with preparing the corporate deponents for their deposition. Because it has not identified the specific amount it seeks, Defendant shall file a motion for expenses in which it particularizes any costs incurred in connection with the March 10 and 11 depositions. *See Felder*, 2024 WL 3690779, at *19. Upon reviewing such information, the Court will determine a proper fee amount before imposing sanctions. The motion, and supporting documentation as required by the Local Rules, shall be filed within twenty-one (21) days of this opinion.

## IV.    CONCLUSION

For the foregoing reasons, the Court will GRANT in part and DENY in part Integrace's Motion for Sanctions, contingent upon a finding that Defendant's costs are reasonable. Within twenty-one (21) days, Defendant shall file a motion for expenses in which it particularizes its costs incurred in connection with (1) the March 10 and 11 depositions and (2) the discovery dispute reflected in ECF 54. A separate order consistent with this opinion shall issue.


Date: August 18, 2025

_____/S/_____
Charles D. Austin
United States Magistrate Judge